UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************
CHARLES J. SENIOR, NORMAN FAHY,
RONALD D. PHIPPS, RAYMOND W.
POSTMA, THOMAS G. HIRL and UNITED
STEELWORKERS OF AMERICA,
LOCAL 12004,

          Plaintiffs

v.                                    Civil Action No. 04-10160-EFH

NSTAR ELECTRIC AND GAS
CORPORATION and COMMONWEALTH
GAS COMPANY,

          Defendants.
*******************************************

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NSTAR ELECTRIC AND GAS CORPORATION AND COMMONWEALTH GAS COMPANY

For their answer to the Complaint of Charles J. Senior, Norman Fahy, Ronald D. Phipps, Raymond W. Postma, Thomas G. Hirl and United Steelworkers of America, Local 12004, Defendants NSTAR Electric and Gas Corporation ("NSTAR") and Commonwealth Gas Company ("Commonwealth Gas") (collectively referred to as "Defendants") state as follows:

**Introductory Paragraph**

The introductory, un-numbered paragraph to the Complaint contains averments and conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny the allegations therein.

1.(a)      Defendants admit that Plaintiffs Charles J. Senior, Norman Fahy, Ronald D. Phipps, Raymond W. Postma and Thomas G. Hirle were employed by Commonwealth Gas and/or NSTAR, and that they retired with a pension. Further answering, Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations that the named Plaintiffs are residents of the Commonwealth of Massachusetts, and that they were employed by Commonwealth Gas and/or NSTAR "for many years." Further answering, Defendants deny the remaining allegations in paragraph 1(a) of the Complaint.

(b) Paragraph 1(b) of the Complaint contains conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny all allegations therein.

(c) Paragraph 1(b) of the Complaint contains conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny all allegations therein.

2. Defendants admit the allegations in Paragraph 2 of the Complaint, except that the paragraph contains conclusions of law regarding Section 301 as to which no responsive pleading is required, and that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Local 12004 of the United Steelworkers of America ("Local 12004") has represented certain employees "for many years."

3. Defendants admit the allegations in the first and third sentences of paragraph 3 of the Complaint. Further answering, Defendants deny the allegations in the second sentence of paragraph 2 of the Complaint.

4. Defendants admit that certain collective bargaining agreements contained provisions such as those alleged in paragraph 4 of the Complaint. Further responding, Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint. Further responding, Defendants state that the Memorandum of Agreement alleged in paragraph 7 speaks for itself.

8. Defendants admit that Commonwealth Gas and Local 12004 entered into an agreement in 1997 which contained the quoted language set forth in paragraph 8 of the Complaint. Further answering, Defendants state that the agreement speaks for itself. Further answering, Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint for the period through April 1, 2003. Further answering, Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10. Defendants admit that Commonwealth Gas and Local 12004 entered into an agreement in 1999 which contained the quoted language set forth in paragraph 10 of the Complaint. Further answering, Defendants deny the remaining allegations in paragraph 10 of the Complaint.

11. Defendants admit the allegations in paragraph 10 of the Complaint for the period through April 1, 2003. Further answering, Defendants deny the remaining allegations in paragraph 10 of the Complaint.

12. Defendants admit that the health coverage for retirees of Commonwealth Gas was modified in the manner set forth in sub-paragraphs a, b and c, of paragraph 12 of the Complaint. Further responding, Defendants deny the remaining allegations in paragraph 12 of the Complaint.

13. The responses to the allegations in paragraphs 1-12 of the Complaint are incorporated by reference. Further answering, Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. The responses to the allegations in paragraphs 1-12 of the Complaint are incorporated by reference. Further answering, Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. The responses to the allegations in paragraphs 1-12 of the Complaint are incorporated by reference.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. The responses to the allegations in paragraphs 1-12 of the Complaint are incorporated by reference.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Plaintiffs have failed to exhaust any available remedies under any employee benefit plans alleged herein.

3. Plaintiffs have failed to exhaust any available remedies under any collective bargaining agreements alleged herein.

4. Any promises of lifetime health insurance coverage, or any similar promise, fail for want of authority of the alleged speakers.

5. Plaintiffs' claims are barred in whole or in part by the applicable Statute of Frauds.

6. Plaintiffs claims are barred in whole or in part by a failure of consideration.

7. Any claims under state law are pre-empted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and/or by the Employee Retirement Income Security Act, 29 U.S.C.

§101 et seq. ("ERISA").

8. Plaintiffs lack standing to obtain some or all of the relief sought by them.

9. ERISA is inapplicable to one or more of the programs upon which Plaintiffs' claims are based.

WHEREFORE, having answered herein, Defendants pray that the Complaint be dismissed with prejudice, and that Defendants be awarded their costs, reasonable attorneys fees, and any further relief as this Court deems just and appropriate.

Respectfully submitted,

NSTAR ELECTRIC AND GAS
CORPORATION and
COMMONWEALTH GAS COMPANY,

By their Attorneys,

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108-4472
(617) 523-6666

By: _____
Keith B. Muntyan
B.B.O. #361380
Robert P. Morris
B.B.O. #546052

Dated: February 20, 2004

### CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on February 20, 2004, I caused to be served a copy of the within pleading by hand on counsel for Plaintiffs, Warren H. Pyle, Pyle, Rome, Lichten & Ehrenberg, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108.

_____
Robert P. Morris