UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES J. SENIOR, NORMAN FAHY, ) <br> RONALD D. PHIPPS, RAYMOND ) <br> W. POSTMA, THOMAS G. HIRL, ) <br> GARRETT M. FAGAN ) <br> and UNITED STEELWORKERS ) <br> OF AMERICA, LOCAL 12004 ) <br> ) <br> v. ) <br> ) <br> NSTAR ELECTRIC AND GAS ) <br> CORPORATION and ) <br> COMMONWEALTH GAS COMPANY ) <br> _____) | Civil Action No. 04-10160-EFH |

**SECOND AMENDED COMPLAINT**

This is an action by persons formerly employed by Commonwealth Gas Company and their collective bargaining representative, United Steelworkers of America, Local 12004 (Local 12004) against Commonwealth Gas Company and its corporate parent or successor, NStar Electric and Gas Corporation (herein NStar) and the employee benefit plans on which their claims are based. The plaintiffs seek relief for the unlawful reduction in retiree health benefits imposed on or about April 1, 2003 by the defendant companies on them, their spouses and dependents and on all of the former employees of Commonwealth Gas and NStar represented by Local 12004 who retired with a pension and health insurance. The Court's jurisdiction is based on section 301 of the Labor Management Relations Act, 29 U.S.C., section 185 (herein section 301), on section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. section 1132, and on the doctrine of pendent jurisdiction.

1

## The Parties

1. (a) Plaintiffs Charles J. Senior, Norman Fahy, Ronald D. Phipps, Raymond W. Postma, Thomas G. Hirle and Garrett M. Fagan are residents of the Commonwealth of Massachusetts and were employed by Commonwealth Gas and/or NStar Electric and Gas Corporation (Nstar) for many years until their retirement with a pension and a commitment that the defendants would provide them with a continuation of their health and insurance for their lives, on their retirement.

(b) The individual plaintiffs, Charles J. Senior, Norman Fahy, Ronald D. Phipps, Raymond W. Postma, Thomas G. Hirle and Garrett M. Fagan bring this action individually and as representatives of all persons formerly employed by Commonwealth Gas and NStar and covered by collective bargaining agreements between it and United Steelworkers of America, Local 12004 who retired with a pension and health insurance coverage provided by Comonwealth Gas or NStar, and their spouses and eligible dependents.

(c) The individual plaintiffs bring this action pursuant to Rule 23(b)(2), F.R.C.P. The class they represent is so numerous that joinder of all members is impracticable. There are questions of law or fact common to the class and their claims are typical of the class. The individual plaintiffs will fairly and adequately protect the interests of the class. The defendants have acted or refused to act on grounds generally applicable to the class, making final injunctive or corresponding declaratory relief with respect to the class.

2. United Steelworkers of America, AFL-CIO, Local 12004 (herein the Union or Local 12004) is a labor organization in an industry affecting commerce within the meaning of section 301. Local 12004 is and has been engaged in representing employees

of Commonwealth Gas in the Commonwealth of Massachusetts for many years. Local 12004 has been representing employees of NStar since 1999, when Commonwealth Gas was acquired by or merged with NStar.

3. NStar Electric and Gas Corporation is a corporation with its principal office in the Commonwealth of Massachusetts. Through its subsidiaries it is engaged in the sale and distribution of electricity and natural gas. Commonwealth Gas Company was engaged in the distribution of natural gas in Massachusetts for many years until 1999, when its operations were acquired by or merged with NStar. These companies are employers within the meaning of ERISA and employers in an industry affecting commerce within the meaning of section 301.

### The Collective Bargaining Agreements

4. At least from April 1, 1973 or earlier and until April 1, 1980, collective bargaining agreements between Local 12004 and Commonwealth Gas provided:

> Medicare Part B Reimbursement
> Any eligible employee or retiree who is 65 years or over or whose spouse is age 65 or over, will be reimbursed an amount equal to the premium charged for Medicare Part B coverage for himself and/or his spouse.

4(A). At least since 1980 successive collective bargaining agreements in 1980, 1983, 1986, 1990, 1993, 1996 between Local 12004 and Commonwealth Gas have provided substantially as follows, with some variations in language from agreement to agreement:

> HEALTH INSURANCE COVERAGE
> All full-time regular employees under age 65 with thirty days continuous employment and their eligible dependents will be covered under Blue Cross/Blue Shield Master [certificate numbers] the provisions of which are made a part of this Contract. The Company will continue to pay the entire cost of the Plan.

3

MEDICARE B REIMBURSEMENT

All full-time regular employees age 65 or over will be covered under the Carve-out provision of Blue Cross/Blue Shield in addition to their Medicare coverage. [This paragraph was eliminated in the 1986 contract]

Any full-time regular employees who is 65 years of age or over or whose spouse is age 65 or over, will be reimbursed an amount equal to the premium charged for Medicare Part B coverage for himself and/or his spouse.

DENTAL PLAN

All full-time regular employees with thirty (30) days of continuous employment and their eligible dependents will be covered under [identification of insurance certificate], the provisions of which are made part of this contract. The Company will pay the entire premium of the Plan.

****************************************************

Changes in the health insurance language included:

[the 1986 agreement added:] Eligible employees age 65 or over, and the spouses of such employees, may also be covered under the terms and conditions of Medicare.

The 1996-2002 agreement also provided:

> The Company will continue to pay the entire cost of the Plan through December 31, 1998. Effective January 1, 1999 employees will contribute, through payroll deductions, a weekly pre-tax amount as set forth below:

|  | Individual | Family |
|---|---|---|
| Indemnity Plan | $6.00 | $15.00 |
| Health Flex Blue | $4.00 | $10.00 |
| HMO | $0.00 | $0.00 |

In the 1996-2002 agreement the Medicare Part B language was changed to read:

> Subject to Medicare regulations, eligible employees, or their eligible spouses, will be reimbursed an amount equal to 80% of the premium charges for Medicare Part B coverage.

5. Pursuant to these agreements employees who retired with a pension and their spouses and eligible dependents continued to enjoy the health care benefits accorded to them at the time they retired, for their lifetimes.

6. Commonwealth Gas distributed literature to employees stating that on retirement they would continue to enjoy their health care benefits for their lifetimes. Employees who inquired about post-retirement health care benefits were told that their health care benefits would continue for their lifetimes.

7. In 1993 Local 12004 and Commonwealth Gas reached an agreement that thenceforth employees who were age 40 or older with at least 12 years of service as of January 1, 1993 would be eligible for continuation of their health care benefits post-retirement, provided that at the time of retirement the employee's age plus years of service equaled at least 75. It was agreed that employees meeting these requirements would pay 10% of the medical and dental insurance premiums after retirement and until age 62 and that thereafter the company would pay 100% of the post-retirement insurance premiums. It was agreed that employees not meeting these requirements would pay their own health care coverage on retirement, but they were given other benefits not made available to those who qualified for health care on retirement.

The 1997 and 1999 Voluntary Retirement Incentive Agreements

8. In 1997 Commonwealth Gas advised Local 12004 representatives that it wished to provide an incentive for employees to take early retirement. After negotiations between these parties an agreement was entered into on May 23, 1997 that provided severance payment based on the employee's years of service for those electing early retirement between May 13 and August 29, 1997. It was further provided:

5

> Employees who were at least age forty (40) and had completed at least twelve (12) full years of System service as of January 1, 1993 and currently meet the "Rule of 75" will be entitled to medical and dental insurance coverage providing they pay ten percent (10%) of the current medical and dental premium until age sixty-two (62). At age 62, the Company will pay 100% of the premium.

Nothing in the 1997 agreement permitted Commonwealth Gas to make changes in medical and dental benefits after the retirement of employees who accepted the retirement incentive. In connection with their participation in the 1997 and 1999 retirement incentive programs, Commonwealth Gas told plaintiffs Fahy, Phipps, Postma, Hirle and others that they and their spouses would have dental coverage for their lifetimes.

9. Employees, including plaintiffs Norman Fahy and Ronald D. Phipps, who elected retirement under the terms of the 1997 agreement were provided the same heath care and dental benefits as they enjoyed prior to retirement at the costs set forth in the 1997 agreement.

10. In 1999 Commonwealth Gas again told Local 12004 representatives that it wished to offer an incentive for employees to take an early retirement. On July 26, 1999 the parties entered into a memorandum of agreement that provided, for employees electing retirement between August 4 and September 22, 1999, a severance payment based on their years of service. The agreement further provided:

> Employees who were at least age forty (40) and had completed at least twelve (12) full years of service as of January 1, 1993 and currently meet the "Rule of 75", will be entitled to medical and dental insurance coverage providing that they pay ten percent (10%) of the current medical and dental premium until age sixty-two (62). At age 62, the Company will pay 100% of the premium.

Nothing in the 1999 agreement permitted Commonwealth Gas to make changes in medical and dental benefits after the retirement of employees who accepted the

6

retirement incentive.

11. Employees, including plaintiffs Raymond W. Postma and Thomas G. Hirle, who elected retirement under the terms of the 1999 memorandum were provided the same medical and dental benefits they enjoyed prior to retirement at the costs set forth in the 1999 agreement.

<u>The Companies Unilateral Reduction in Retirees'
Health and Dental Benefits</u>

12. In January 2003 the defendants announced that former employees of Commonwealth Gas Company who retired with health and dental benefits would have their benefits reduced, effective April 1, 2003 as follows:

a. The reimbursement of monthly Medicare Part B premiums would be eliminated.

b. For those retirees not yet age 65, dental coverage would be eliminated at age 65.

c. Medex 3 coverage would change to Medex 2, which provided reduced benefits.

COUNT I
(VIOLATION OF RETIREE INSURANCE PLAN)

13. The allegations of paragraphs 1-12 are incorporated by reference in this Count. The retiree insurance provisions of the collective bargaining agreements and the 1997 and the 1999 voluntary retirement incentive agreements constitute "employee welfare benefit plans" under the provisions of ERISA, 29 U.S.C., section 1002(1). The provisions of these agreements for retiree health and dental coverage assured the plaintiffs and the class they seek to represent that their service to the company and that

their decisions to retire would be rewarded with a continuation of the health insurance coverage for them and their eligible dependents that they enjoyed when they retired, without cost or at the costs stated in the agreements for the remainder of their lives.

14. The reduction in benefits effective April 1, 2003 violated the terms of the Plans by failing to provide the retirees and their dependents with the medical and dental benefits described in the Plans at no cost or at the costs stated in the agreements for the remainder of their lives.

## COUNT II
## (VIOLATION OF COLLECTIVE BARGAINING AGREEMENTS)

15. The allegations of paragraphs 1-12 are incorporated by reference in this Count. The retiree health and dental insurance provisions of the collective bargaining agreements and the 1997 and 1999 voluntary retirement incentive agreements are contracts under section 301.

16. The action of the defendants in reducing health and dental benefits effective April 1, 2003 violated the terms of the agreements by failing to provide the retirees and their dependents with the medical and dental benefits they enjoyed at the time of their retirements at no cost or at the costs stated in the agreements for the remainder of their lives.

## COUNT III
## (EQUITABLE AND PROMISSORY ESTOPPEL)

17. The allegations of paragraphs 1-12 are incorporated by reference in this Count.

18. The defendants told employees at the time of their retirement that they, their spouses and eligible dependents would continue to have the health and dental benefits they enjoyed at the time of their retirement for their lives at no cost or at the costs stated at the time of their retirements, and the defendants are estopped from asserting that the benefits may be changed.

COUNT IV
(BREACH OF FIDUCIARY RESPONSIBILITY)

19. The allegations of paragraphs 1-12 are incorporated by reference in this Count.

20. The officers and authorized representatives of the defendants have fiduciary responsibilities under ERISA, and they told the plaintiffs and the class they represent that upon their retirement they, their spouses and eligible dependents would have the health and dental coverage they enjoyed at the time of their retirement for their lifetimes at no cost or at the stated costs. By failing to comply with these assurances, the defendants are liable to the retirees for breach of their fiduciary duties.

COUNT V

(CLAIMS UNDER STATE LAW)

21. The allegations of paragraphs 1-12 are incorporated by reference in this Count.

22. The retiree health and dental insurance provisions of the 1997 and 1999 voluntary retirement incentive programs are enforceable agreements under state law. The reductions in benefits on and after April 1, 2003 violated those agreements.

PRAYERS FOR RELIEF

WHEREFORE the plaintiffs pray:

1. That the Court order the defendants to restore the health and dental benefits for the retirees, their spouses and eligible dependents as they existed at the time of their retirements for the remainder of their lifetimes at no cost or at the costs stated at the time of their retirements.

2. For the damages sustained by reason of the defendants' violations of the plans and agreements.

3. For their costs and attorneys fees; and

4. For such other and further relief as the Court may deem proper and just.

CLAIM FOR JURY TRIAL

Plaintiffs claim a trial by jury on all issues triable by jury.

Respectfully submitted,

CHARLES J. SENIOR, NORMAN FAHY,
RONALD D. PHIPPS, RAYMOND W. POSTMA,
THOMAS J. HIRL, GARRETT M. FAGAN and
UNITED STEELWORKERS OF AMERICA,
LOCAL 12004

By their attorneys,

s/Warren H. Pyle_____
Warren H. Pyle, BBO #408400
Pyle, Rome, Lichten, Ehrenberg
  & Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated: February 11, 2005

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record, by first class mail, postage pre-paid, on February 11, 2005.

                         _s/Warren H. Pyle_____
                         Warren H. Pyle