UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*******************************************
CHARLES J. SENIOR, NORMAN FAHY,           *
RONALD D. PHIPPS, RAYMOND W.              *
POSTMA, THOMAS G. HIRL, GARRETT           *
M. FAGAN and UNITED STEELWORKERS          *
OF AMERICA, LOCAL 12004,                  *
                                          *
               Plaintiffs                 *
                                          *
v.                                        *    Civil Action No. 04-10160-EFH
                                          *
NSTAR ELECTRIC AND GAS                    *
CORPORATION and COMMONWEALTH              *
GAS COMPANY,                              *
                                          *
               Defendants.                *
*******************************************
```

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
## NSTAR ELECTRIC AND GAS CORPORATION
## AND COMMONWEALTH GAS COMPANY
## TO SECOND AMENDED COMPLAINT OF PLAINTIFF

For their answer to the Second Amended Complaint of Plaintiffs Charles J. Senior, Norman Fahy, Ronald D. Phipps, Raymond W. Postma, Thomas G. Hirl, Garrett M. Fagan and United Steelworkers of America, Local 12004, Defendants NSTAR Electric and Gas Corporation ("NSTAR") and Commonwealth Gas Company ("Commonwealth Gas") (collectively referred to as "Defendants") state as follows:

**Introductory Paragraph**

The introductory, un-numbered paragraph to the Second Amended Complaint contains averments and conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny the allegations therein.

1.(a)     Defendants admit that Plaintiffs Charles J. Senior, Norman Fahy, Ronald D. Phipps,

Raymond W. Postma, Thomas G. Hirl and Garrett M. Fagan were employed by Commonwealth Gas and/or NSTAR, and that they retired with a pension. Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that the named Plaintiffs are residents of the Commonwealth of Massachusetts, and that they were employed by Commonwealth Gas and/or NSTAR "for many years." Further answering, Defendants deny the remaining allegations in paragraph 1(a) of the Second Amended Complaint.

(b)     Paragraph 1(b) of the Second Amended Complaint contains conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny all allegations therein.

(c)     Paragraph 1(b) of the Second Amended Complaint contains conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny all allegations therein.

2.      Defendants admit the allegations in Paragraph 2 of the Second Amended Complaint, except that the paragraph contains conclusions of law regarding Section 301 as to which no responsive pleading is required, and that Defendants are without knowledge or information sufficient to forma belief as to the truth of the allegations that Local 12004 of the United Steelworkers of America ("Local 12004") has represented certain employees "for many years."

3.      Defendants admit the allegations in the first and third sentences of paragraph 3 of the Second Amended Complaint. Further answering, Defendants deny the allegations in the second sentence of paragraph 2 of the Second Amended Complaint.

4.      Defendants admit that certain collective bargaining agreements contained provisions such as those alleged in paragraph 4 of the Second Amended Complaint. Further responding,

Defendants deny the remaining allegations in paragraph 4 of the Second Amended Complaint.

4A.    Defendants admit that certain collective bargaining agreements contained provisions such as those alleged in paragraph 4A of the Second Amended Complaint. Further responding, Defendants deny the remaining allegations in paragraph 4A of the Second Amended Complaint.

5.    Defendants deny the allegations in paragraph 5 of the Second Amended Complaint.

6.    Defendants deny the allegations in paragraph 6 of the Second Amended Complaint.

7.    Defendants deny the allegations in paragraph 7 of the Second Amended Complaint. Further responding, Defendants state that the Memorandum of Agreement alleged in paragraph 7 speaks for itself.

8.    Defendants admit that Commonwealth Gas and Local 12004 entered into an agreement in 1997 which contained the quoted language set forth in paragraph 8 of the Second Amended Complaint. Further answering, Defendants state that the agreement speaks for itself. Further answering, Defendants deny the remaining allegations in paragraph 8 of the Second Amended Complaint.

9.    Defendants admit the allegations in paragraph 9 of the Second Amended Complaint for the period through April 1, 2003. Further answering, Defendants deny the remaining allegations in paragraph 9 of the Second Amended Complaint.

10.    Defendants admit that Commonwealth Gas and Local 12004 entered into an agreement in 1999 which contained the quoted language set forth in paragraph 10 of the Second Amended Complaint. Further answering, Defendants deny the remaining allegations in paragraph 10 of the Second Amended Complaint.

11.    Defendants admit the allegations in paragraph 11 of the Second Amended Complaint

for the period through April 1, 2003. Further answering, Defendants deny the remaining allegations in paragraph 10 of the Second Amended Complaint.

12.  Defendants admit that the health coverage for retirees of Commonwealth Gas was modified in the manner set forth in sub-paragraphs a, b and c, of paragraph 12 of the Second Amended Complaint. Further responding, Defendants deny the remaining allegations in paragraph 12 of the Second Amended Complaint.

13.  The responses to the allegations in paragraphs 1-12 of the Second Amended Complaint are incorporated by reference. Further answering, Defendants deny the allegations in paragraph 13 of the Second Amended Complaint.

14.  Defendants deny the allegations in paragraph 14 of the Second Amended Complaint.

15.  The responses to the allegations in paragraphs 1-12 of the Second Amended Complaint are incorporated by reference. Further answering, Defendants deny the allegations in paragraph 15 of the Second Amended Complaint.

16.  Defendants deny the allegations in paragraph 16 of the Second Amended Complaint.

17.  The responses to the allegations in paragraphs 1-12 of the Second Amended Complaint are incorporated by reference.

18.  Defendants deny the allegations in paragraph 18 of the Second Amended Complaint.

19.  The responses to the allegations in paragraphs 1-12 of the Second Amended Complaint are incorporated by reference.

20.  Defendants deny the allegations in paragraph 20 of the Second Amended Complaint.

21.  The responses to the allegations in paragraphs 1-20 of the Second Amended Complaint are incorporated by reference.

22. Defendants deny the allegations in paragraph 22 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The Second Amended Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Plaintiffs have failed to exhaust any available remedies under any employee benefit plans alleged herein.

3. Plaintiffs have failed to exhaust any available remedies under any collective bargaining agreements alleged herein.

4. Any promises of lifetime health insurance coverage, or any similar promise, fail for want of authority of the alleged speakers.

5. Plaintiffs' claims are barred in whole or in part by the applicable Statute of Frauds.

6. Plaintiffs claims are barred in whole or in part by a failure of consideration.

7. Any claims under state law are pre-empted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and/or by the Employee Retirement Income Security Act, 29 U.S.C. §101 et seq. ("ERISA").

8. Plaintiffs lack standing to obtain some or all of the relief sought by them.

9. ERISA is inapplicable to one or more of the programs upon which Plaintiffs' claims are based.

WHEREFORE, having answered herein, Defendants pray that the Second Amended Complaint be dismissed with prejudice, and that Defendants be awarded their costs, reasonable attorneys fees, and any further relief as this Court deems just and appropriate.

        Respectfully submitted,

        NSTAR ELECTRIC AND GAS
        CORPORATION and
        COMMONWEALTH GAS COMPANY,

        By their Attorneys,

        MORGAN, BROWN & JOY, LLP
        One Boston Place
        Boston, MA 02108-4472
        (617) 523-6666

        By:    s/Robert P. Morris
                 Keith B. Muntyan
                 B.B.O. #361380
                 Robert P. Morris
                 B.B.O. #546052

Dated: February 17, 2005

## **CERTIFICATE OF SERVICE**

        I, Robert P. Morris, certify that on February 17, 2005, I caused to be served a copy of the within pleading by first class mail on counsel for Plaintiffs, Warren H. Pyle, Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108.

        s/Robert P. Morris
        Robert P. Morris