UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES J. SENIOR, NORMAN FAHY, )<br>RONALD D. PHIPPS, RAYMOND )<br>W. POSTMA, THOMAS G. HIRL, )<br>GARRETT M. FAGAN )<br>and UNITED STEELWORKERS )<br>OF AMERICA, LOCAL 12004 )<br> )<br>v.                                                           )<br> )<br>NSTAR ELECTRIC AND GAS )<br>CORPORATION  and )<br>COMMONWEALTH GAS COMPANY )<br>_____) | Civil Action No. 04-10160-EFH |

**MOTION TO CERTIFY CLASSES**

Plaintiffs move for certification of the following classes:

A.  <u>Class A.</u> Plaintiffs Norman Fahy and Ronald D. Phipps seek certification, under the provisions or F.R.C.P., Rule 23 (a), as representatives of a class of all former employees of Commonwealth Gas Company (herein the Company) who were represented for purposes of collective bargaining by Local 12004, United Steelworkers of America (herein Local 12004), who retired under the terms of the 1997 Personnel Reduction Plan, who qualified for health and dental insurance following retirement, and their spouses, who were not yet age 65 by April 1, 2003.

B.  <u>Class B.</u> Plaintiffs Raymond W. Postma and Thomas G. Hirl seek certification, under the provisions of F.R.C.P., Rule 23 (a), as representatives of a class of all former employees of Commonwealth Gas Company (herein the Company) who were represented for purposes of collective bargaining by Local 12004, United Steelworkers of America (herein Local 12004), who retired under the terms of the 1999 Voluntary Separation

Program, who qualified for health and dental insurance following retirement, and their spouses, who were not yet age 65 by April 1, 2003.

In support thereof, plaintiffs submit:

1. There are approximately 13 retired employees in proposed Class A, some of whom have spouses. There are approximately 17 retired employees in proposed Class B, some of whom have spouses.

2. All of the retired employees in proposed Class A were covered under the terms of a memorandum agreement dated May 23, 1997 between Local 12004 and the Company that provided for health and dental insurance on retirement. All those in proposed Class A received the same descriptions of health and dental insurance on retirement from the Company. All of the retired employees in proposed Class A were notified, on or about January 1, 2003, that their dental insurance, and their spouses' dental insurance would end when they reached age 65.

3. All of the retired employees in proposed Class B were covered under the terms of a memorandum agreement dated July 26, 1999 between Local 12004 and the Company that provided for health and dental insurance on retirement from the Company. All those in proposed Class B received the same descriptions of health and dental insurance on retirement from the Company. All of the retired employees in proposed Class B were notified, on or about January 1, 2003, that their dental insurance, and their spouses' dental insurance, would end when they reached age 65.

4. The members of the proposed Classes A and B are so numerous that joinder of all of them, and their spouses, in this action would be impracticable.

5. There are questions of law and fact common to the members of each class, as described above.

6. The claims of the members of proposed Class A and the defenses of the defendants to those claims are identical. The claims of the members of proposed Class B and the defenses of the defendants to those claims are identical.

7. The named class representatives will fairly and adequately represent the members of the classes and protect their interests.

## Argument

1. The claims of the plaintiffs in this case are based on section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and ERISA. The individual plaintiffs who have claims under the 1997 PRP and the 1999 VSP satisfy the formal requirements of Rule 23(a) for certification as representatives of their respective classes. While the claim of Local 12004, as party to the 1997 and 1999 memoranda of agreements, based on section 301, covers the claims of the employees under the 1997 and 1999 memorandum agreements, Local 12004 does not have standing to sue for violation of the ERISA plans involving the 1997 PRP and the 1999 VSP. Under ERISA, 29 U.S.C. § 1132, suits for violation of ERISA plans may be brought only by participants or beneficiaries.

2. Plaintiffs further request that the Court appoint the undersigned counsel for plaintiffs as counsel for the class. The undersigned counsel has prosecuted this action, including all discovery and summary judgment motion and he represents plaintiff Local 12004, party to the memorandum agreements that are involved in the claims of the classes.

        Respectfully submitted:

        CHARLES J. SENIOR, NORMAN FAHY,
        RONALD D. PHIPPS, RAYMOND
        W. POSTMA, THOMAS G. HIRL,
        GARRETT M. FAGAN
        and UNITED STEELWORKERS
        OF AMERICA, LOCAL 12004

        By their attorneys,

        _s/Warren H. Pyle_____
        Warren H. Pyle, BBO # 408400
        Pyle, Rome, Lichten, Ehrenberg
            & Liss-Riordan, P.C.
        18 Tremont Street, Suite 500
        Boston, MA 02108
        Tel: (617) 367-7200

Dated: April 8, 2005

### Affidavit of Warren H. Pyle

Warren H. Pyle, being first duly sworn, deposes and states, under the pains and penalties of perjury, that the statements in the foregoing motion are true and correct to the best of his information and belief. Dated this 8th day of April, 2005.

        _s/Warren H. Pyle_____
        Warren H. Pyle

It is certified that the subject of this motion has been discussed with counsel for the defendants in an effort to resolve or narrow the issues involved.

        _s/Warren H. Pyle_____
        Warren H. Pyle

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record, by hand delivery, on April 8, 2005.

        _s/Warren H. Pyle_____
        Warren H. Pyle