UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************************
CHARLES J. SENIOR, NORMAN FAHY,          *
RONALD D. PHIPPS, RAYMOND W.             *
POSTMA, THOMAS G. HIRL,                  *
GARRETT M. FAGAN and UNITED              *
STEELWORKERS OF AMERICA,                 *
LOCAL 12004,                             *
                                         *
                    Plaintiffs           *
v.                                       *       Civil Action No. 04-10160-EFH
                                         *
NSTAR ELECTRIC AND GAS                   *
CORPORATION and COMMONWEALTH             *
GAS COMPANY,                             *
                                         *
                    Defendants.          *
*********************************************
```

RESPONSE OF DEFENDANTS NSTAR ELECTRIC
AND GAS CORPORATION AND COMMONWEALTH GAS COMPANY TO
PLAINTIFFS' STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants NSTAR Electric and Gas Corporation ("NSTAR") and Commonwealth

Gas Company ("Commonwealth Gas") (collectively referred to as "Defendants") hereby set forth

their response to the numbered allegations in Plaintiffs' Statement of Undisputed Facts in Support

of Motion for Summary Judgment ("Plaintiffs' Statement"). Defendants have moved for summary

judgment, and deny that there are any genuine issues of material fact. Defendants submit the

following response to clarify and correct, as necessary, the alleged facts set forth in Plaintiffs'

Statement:

The Collective Bargaining Agreements, 1973-2006

1.      Defendants admit the facts alleged in paragraph 1 of Plaintiffs' Statement. (See

"Statement of Undisputed Material Facts Submitted by NSTAR Electric and Gas Corporation and

Commonwealth Gas Company Pursuant to Local Rule 56.1" ("Defendants' Statement"), par. 9).

2.    Defendants admit the facts alleged in paragraph 2 of Plaintiffs' Statement. (See Defendants' Statement, par. 10).

3.    Defendants admit the facts alleged in paragraph 3 of Plaintiffs' Statement. (See Defendants' Statement, par. 11).

4.    Defendants admit the facts alleged in paragraph 4 of Plaintiffs' Statement. (See Defendants' Statement, par. 12).

5.    Defendants admit the facts alleged in paragraph 5 of Plaintiffs' Statement. (See Defendants' Statement, par. 13).

6.    Defendants admit the facts alleged in paragraph 6 of Plaintiffs' Statement. (See Defendants' Statement, par. 14).

7.    Defendants admit the facts alleged in paragraph 7 of Plaintiffs' Statement. (See Defendants' Statement, par. 15).

8.    Defendants state that the provisions quoted in paragraph 8 of Plaintiffs' Statement are contained in the 1993 Memorandum of Agreement between Commonwealth Gas and Local 12004 of the United Steelworkers of America (see Defendants' Statement, pars. 16, 17), but are not contained in the collective bargaining agreement covering the period April 1, 1993 to March 31, 1996. For purposes of consideration of the parties' cross-motions for summary judgment *only*, Defendants do not dispute the facts alleged in the last two sentences of paragraph 8 of Plaintiffs' Statement. See also facts asserted in Defendants' Statement, pars. 21 and 22.

9.    Defendants admit the facts alleged in paragraph 9 of Plaintiffs' Statement. (See Defendants' Statement, par. 19).

2

10.     Defendants admit the facts alleged in paragraph 10 of Plaintiffs' Statement, to the extent consistent with paragraph 1 of Defendants' Statement.

11.     Defendants admit the facts alleged in paragraph 11 of Defendants' Statement.

Medicare Part B Reimbursement

12.     Defendants admit the facts alleged in the first two sentences of paragraph 12 of Plaintiffs' Statement. For purposes of the parties' cross-motions for summary judgment *only*, Defendants admit the facts alleged in the third sentence of paragraph 13 of Plaintiffs' Statement, but deny that any obligation to reimburse retirees for Medicare Part B premiums extended beyond the life of the collective bargaining agreement for the period April 1, 1978 to April 1, 1980.

13.     Defendants deny the facts alleged in paragraph 13 of Plaintiffs' Statement, to the extent that Plaintiffs allege that the 1993 collective bargaining agreement or memorandum of agreement created any additional rights to health or dental insurance for retirees. (Compare Defendants' Statement, par. 18).

14.     Defendants admit that James J. Pignataro (born in 1910) was provided the document referred to in paragraph 14 of Plaintiffs' Statement, and states that the document (which speaks for itself) provides that it was prepared on December 2, 1974. In addition to the provisions quoted by Plaintiffs, the document further states, in language immediately above the signature of the Company representative: "In all cases, the exact provisions of the various Benefit Contracts and applicable laws will determine the benefits to be paid thereunder." (Senior 10575, Exh. D to #1 of Attachments to Plaintiffs' Statement of Undisputed Facts ("Plaintiffs' Attachment"), Affidavit of Warren H. Pyle ("Pyle Affidavit ")).

15.     Defendants admit the allegations in paragraph 15 of Plaintiffs' Statement, except that

3

Defendants state that Mr. Londergan's meeting with Mr. Smith occurred on September 19, 1979. (See Senior 10860, Exh. D to Pyle Affidavit). In addition to the provisions quoted by Plaintiffs, the document (which speaks for itself) further states, in language immediately above the signature and date lines for the Company representative: "In all cases the exact provisions of the various Benefit Contracts and applicable laws will determine the benefits to be paid thereunder." (Id.).

16.     Defendants admit that Patrick J. O'Brien (born in 1929) was provided the document referred to in paragraph 16 of Plaintiffs' Statement, and states that the document (which speaks for itself) provides (in addition to the provisions quoted), in language immediately above the signature and date line for the Company representative: "In all cases, the exact provisions of the various benefit contracts will determine the benefit to be paid thereunder." (Senior 5093, Exh. D to Pyle Affidavit).

17.     The hand-written, single-page, document quoted by Plaintiffs further states, in all capitals and underlined, at the bottom of the document: "Note: Not Audited and Subject to Correction." (Senior 5088, Exh. D to Pyle Affidavit).

18.     Defendant admits the facts alleged in paragraph 18 of Plaintiffs' Statement.

19.     Defendants admit that prior to his retirement, benefits representative Cormier provided to Plaintiff Senior the document (which speaks for itself) referred to in paragraph 19 of Plaintiffs' Statement. In addition to the provisions quoted by Plaintiffs, this document provided, in language immediately above the signature and date line for the Company representative: "In all cases, the exact provisions of the various Benefit Contracts and applicable laws will determine the benefits to be paid thereunder." (See Exh. 14 to Plaintiffs' Statement of Undisputed Facts ("Plaintiffs' Statement"); see also Defendants' Statement, pars. 8, 65-66).

4

20.    While not disputing, for purposes of the parties' cross-motions for summary judgment *only*, that Ms. Cormier made the alleged statement, Defendants state that any reliance on the part of Plaintiff Senior was reasonable.

Defendants further state that Ms. Cormier testified that no statements were made at "Ready or Not" pre-retirement sessions that retiree health benefits were guaranteed never to change (Deposition of Carol Cormier, Utility Workers, Local 369 v. NSTAR Electric and Gas Corp., Civil Action No. 03-10530-EFH ("Cormier Dep."), 27, 38, Exh. 1 hereto; that at some point in the early to mid-1990s, Commonwealth Energy's Benefits Manager Bernard Peloquin (who began working in that position about that time) would tell employees at Ready-or-Not sessions, in response to questions, that retiree benefits were subject to change (Cormier Dep., 31, 103, Exh. 1 hereto); that Labor Relations Director Douglas Miller made the same point at Ready-or-Not sessions (Cormier Dep., 33-34, Exh. 1 hereto); and that at individual pre-retirement sessions Ms. Cormier was never asked if Medicare Part B premiums were guaranteed for life. (Cormier Dep., 51, Exh. 1 hereto).

21.    Defendants admit that prior to his retirement, Commonwealth Gas mailed to Plaintiff Fagan the document referred to in paragraph 21 of Plaintiffs' Statement. In addition to the provisions quoted by Plaintiffs, the document (which speaks for itself) provided: "In all cases, the exact provisions of the various Benefit Contracts and applicable laws will determine the benefits to be paid thereunder." (See Defendants' Statement, par. 58; Exh. 34 to Appendix to Defendants' Motion for Summary Judgment ("Defendants' Appendix")). For purposes of consideration of the parties' cross-motions for summary judgment *only*, Defendants do not dispute that Ms. Cormier made the statement alleged in the last sentence of paragraph 21 of Plaintiffs' Statement.

Defendant further states that in addition to the various provisions cited in Defendants'

5

Statement (see Defendants' Statement, pars. 36-45), the summary plan descriptions provided for

circumstances under which an individual could be disqualified from receiving dental benefits, or

otherwise could be deemed ineligible, denied or lose benefits. (Participant Benefits Information,

Commonwealth Energy, June 1997, DB 16-18, Dupre 4476-4478, Exh. 2 hereto; Summary Plan

Descriptions, February 1997, DB 16-18, Dupre 4741-4743, Exh. 3 hereto; Your Employee Benefits

Handbook, Commonwealth Energy, January 1996, DB 16-18, Dupre 4920-4922, Exh. 4 hereto).

See also second paragraph to par. 20, supra.

22.     Defendants admit that retirees Montelius, Dow, Gordon, Toomey and Deconing

received the documents referred to in paragraph 22 of Plaintiffs' Statement. Defendants further state

that the documents referred to in paragraph 22 of Plaintiffs' Statement speak for themselves.

23.     Defendants state that in addition to the quoted provisions, the document first provided

to employees (such as Plaintiff Postma) in and around 1997 states:

> This summary is not intended to offer detailed descriptions of
> employee benefit plans. All information furnished is governed by the
> provisions of the actual plan documents pertaining to the appropriate
> benefit plans. If any conflict arises between this summary and the
> System's employee benefit plan documents, or if any point is not
> covered, the terms of the appropriate plan documents will govern in
> all cases.

(See Defendants' Statement, pars. 54-56; Exh. 38 to Defendants' Appendix).

24.     In regard to the quoted language from Bernard Peloquin's deposition, his answer was

in response to a question concerning reimbursement for the Medicare Part B premium. (See

Deposition of Bernard Peloquin, Volume I, 55-56 ("Peloquin Dep. I"), Exh. 39 to Defendants'

Appendix).

25.     Despite the lengthy description of Peloquin's testimony regarding reservation of

rights to change or terminate reimbursement for Medicare Part B premiums (which testimony speaks for itself), Plaintiffs omit any reference to Mr. Peloquin's testimony (Peloquin Dep. I, 33) that documents furnished to employees regarding retirement benefits provided (prior to the change in language in and around 1997) that "applicable laws" will determine the benefits to be paid. (See, e.g., Exh. 34 to Defendants' Appendix). As discussed in the Memorandum in Support of Defendants' Motion for Summary Judgment, the "applicable laws" impose no vesting requirement on health and welfare plans under ERISA. Moreover, all reimbursement of Medicare Part B premiums (through April 1, 2003) was financed through the "Commonwealth Energy System and Subsidiary Companies Post Retirement Benefit Program," which provided that "continuation of the Program is not assumed as a contractual obligation of the Company," and that "the Company, through the Plan Administrator, may terminate the Program or discontinue Benefits hereunder at anytime..." (Affidavit of Bernard H. Peloquin, Exh. 5 hereto; see generally, par. 36 to Defendants' Statement).

### The 1997 Personnel Reduction Program

26.     Defendants admit the allegations in the first two sentences of paragraph 26 of Plaintiffs' Statement. Defendant further admits that the Memorandum of Agreement (which speaks for itself) contains the language quoted in paragraph 26 of Plaintiffs' Statement. For purposes of consideration of the parties' cross-motions for summary judgment *only*, Defendants do not dispute the assertions attributed to Kathleen Laflash, as set forth in her affidavit. See also facts asserted in Defendants' Statement, pars. 21 and 22.

27.     Defendants admit that the document referred to in the first sentence of paragraph 27 of Plaintiffs' Statement (which document speaks for itself) was provided to employees, but state that

Mr. Tieuli's deposition testimony does not support the assertion attributed to him therein. Further, Defendants deny the assertion in the second sentence of paragraph 27 of Plaintiffs' Statement regarding the reservation of rights to terminate medical or dental coverage, and state that the referenced document contains the following language:

> **Plan Documents...The Last Word:**
>
> This summary is not intended to offer detailed descriptions of the System's employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plans. If any conflict arises between this summary and the System's employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.

28.    Defendants admit that participants in the 1997 PRP, as well as other retiring employees after that time, received the document (which speaks for itself) referred to in the first sentence of paragraph 28 of Plaintiffs' Statement, and that the document contains the language quoted on pages 19 and 20 of Plaintiffs' Statement, as well as other language not quoted. Defendants deny that the referenced document contained no reservation of rights language as to health and dental insurance, based on the following, also quoted in paragraph 28 of Plaintiffs' Statement:

> This summary is not intended to offer detailed descriptions of employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plans. If any conflict arises between this summary and the Systems's employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.

(See, e.g., Exh. 37 to Defendants' Appendix). For purpose of consideration of the parties' cross-motions for summary judgment *only*, Defendants do not dispute the allegations on page 20 of

paragraph 28 of Plaintiffs' Statement regarding what company representatives did not tell Plaintiffs Fahy and Phipps.

See also second paragraph to par. 20, supra.

29.    Defendants state that any reliance by Plaintiffs Fahy and Phipps on "promises" allegedly made to them was unreasonable. Defendants admit the further allegations in paragraph 29 of Plaintiffs' Statement.

30.    Defendants state that the deposition page cited in paragraph 30 of Plaintiffs' Statement does not support the allegations that Ms. Cormier and Plaintiff Phipps met in May 1996 to discuss the possibility of his retiring. Defendants further state that the document referred to in paragraph 30 of Plaintiffs' Statement, which was furnished to Plaintiff Phipps before retirement (and which speaks for itself) provided:

> This summary is not intended to offer detailed descriptions of employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plans. If any conflict arises between this summary and the System's employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.

Plaintiff Phipps testified that he did not read this provision before retiring. (Deposition of Ronald Phipps, 32, Exh. 20 to Defendants' Appendix). Defendants state that any reliance on the alleged statements of Kenneth Margosian and Carol Cormier was unreasonable. Defendants admit that the dental coverage of Plaintiff Phipps ceased in 2003 when he turned age 65.

See also second paragraph to par. 20, supra.

31.    Defendants admit the facts alleged in the first sentence of paragraph 31 of Plaintiffs' Statement. Further responding, Defendants state that the document provided to Plaintiff Fahy, and

referred to in paragraph 31 of Plaintiffs' Statement, provided that:

> This summary is not intended to offer detailed descriptions of employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plans. If any conflict arises between this summary and the Systems employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.

(See Exh. 35 to Defendants' Appendix). For purposes of consideration of the parties' cross-motions for summary judgment *only*, Defendants do not dispute the allegations in the second sentence of paragraph 31 of Plaintiffs' Statement.

32.    Defendants admit the facts alleged in paragraph 32 of Plaintiffs' Statement, but states the following: Paragraph 32 of Plaintiffs' Statement implies that Plaintiffs Fahy and Phipps, and other retired employees, never received summary plan descriptions ("SPDs") for dental or other plans before June 1997. In fact, SPDs were regularly distributed before June 1997, including one provided in 1996, which contained the same reservation of rights language as that found in the June 1997 SPD. (See Defendants' Statement, pars. 43-44).

33.    Defendants admit the facts alleged in the first sentence of paragraph 33 of Plaintiffs' Statement. Further responding, Defendants state that Mr. Peloquin's testimony speaks for itself, and adds: Under the terms of the SPDs, all participants had the right to review all plan documents. (Participant Benefits Information, Commonwealth Energy, June 1997, ADM 5-R, Dupre 4245, Exh. 6 hereto; Summary Plan Descriptions, February 1997, ADM 5-R, Dupre 4508, Exh. 7 hereto; Your Employee Benefits Handbook, Commonwealth Energy, January 1996, ADM 6, Dupre 5019, Exh. 8 hereto).

## The 1999 Voluntary Separation Program

34.    Defendants admit the facts alleged in the first two sentences of paragraph 34 of Plaintiffs' Statement. Defendants further admit that the Memorandum of Agreement contains the language quoted in paragraph 34 of Plaintiffs' Statement. For purposes of consideration of the parties' cross-motions for summary judgment *only*, Defendants do not dispute the assertions attributed to Kathleen Laflash, as set forth in her affidavit.

35.    Defendants admit the facts alleged in the first sentence of paragraph 35 of Plaintiffs' Statement. Defendants deny that the document referred to in paragraph 35 of Plaintiffs' Statement which was distributed to employees (and which speaks for itself) (see Exh. 41 to Defendants' Appendix) did not contain a reservation of rights to terminate health or dental coverage. This document provided as follows:

> If any conflict arises between this summary and either the Company's employee benefit plan documents or the Agreement and General Release, or if any point is not covered, then the terms of the appropriate plan documents or Agreement and General Release, as appropriate, will govern in all cases.

36.    Defendants admit the allegations in paragraph 36 of Plaintiffs' Statement, except that Defendants state that the document referred to in paragraph 36 of Plaintiffs' Statement and furnished to employees as part of the 1999 VSP (and which speaks for itself) provided:

> This summary is not intended to offer detailed descriptions of employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plans. If any conflict arises between this summary and the System's employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.

(See Defendants' Statement, par. 56).

37.    Defendants deny that the documents referred to in paragraph 37 of Plaintiffs'

11

Statement did not contain reservation of rights language, as alleged in the first sentence of paragraph 37 of Plaintiffs' Statement. (See supra, par. 36). For purposes of consideration of the parties' cross-motions for summary judgment *only*, Defendants do not dispute the remaining allegations in paragraph 37 of Plaintiffs' Statement.

38.    Defendants admit that Plaintiffs Postma and Hirl were eligible for the 1999 VSP, retired thereunder, and executed releases, as alleged in the first and second sentences of paragraph 38 of Plaintiffs' Statement. Defendants state that any "reliance" of Plaintiffs Postma and Hirl on "promise[s]" allegedly made to them was unreasonable. Defendants state that Plaintiff Postma's deposition testimony does not support the allegations in the third and fourth sentences of paragraph 38 of Plaintiffs' Statement that Ms. Cormier made representations at group meetings, or that any representation was made at such meetings about the duration of health or dental insurance coverage. (See Exh. 21 to Defendants' Statement, and Exh. 9 hereto, Deposition of Raymond Postma, 13). Defendants further state that they do not dispute, for purposes of consideration of the parties' cross-motions for summary judgment *only*, the allegations in the fifth and sixth sentences of paragraph 38 of Plaintiffs' Statement. Defendants admit the allegations in the last sentence of paragraph 38 of Plaintiffs' Statement.

See also second paragraph to par. 20, supra.

39.    Defendants admit the allegations in the first sentence of paragraph 39 of Plaintiffs' Statement. Defendants further state that for purposes of consideration of the parties' cross-motions for summary judgment *only*, they do not dispute the allegations in the second sentence of paragraph 39 of Plaintiffs' Statement.

40.    Defendants admit the allegations in paragraph 40 of Plaintiffs' Statement, but further

state that the modification of dental insurance coverage extended to all retirees and not simply to those retiring under the 1997 and 1999 programs. (See Defendants' Statement, par. 24).

41.    In regard to the language quoted in paragraph 41 of Plaintiffs' Statement from Bernard Peloquin's deposition, his answer was in response to a question concerning reimbursement for the Medicare Part B premium. (See Deposition of Bernard Peloquin, Volume I, 55-56, Exh. 19 to Defendants' Appendix). In regard to the remaining summary of Mr. Peloquin's testimony in paragraph 41 of Plaintiffs' Statement, Defendants state that Mr. Peloquin's testimony speaks for itself.

42.    In regard to the section of Mr. Peloquin's deposition quoted in paragraph 42 of Plaintiffs' Statement, Defendants state that Mr. Peloquin's testimony speaks for itself. Defendants further state that the quoted excerpt spans three (3) pages of testimony, and omits numerous matters testified to by Peloquin. Defendants are unable to respond to the last sentence in paragraph 42 of Plaintiffs' Statement, because it is incomplete.

### Changes in Health Insurance Carriers and Policies

43.    In regard to excerpts from Mr. Peloquin's testimony summarized by Plaintiffs in the introductory paragraph to paragraph 43 of Plaintiffs' Statement, Defendants state that Mr. Peloquin's testimony speaks for itself.

A.    Defendants admit the facts alleged in paragraph 43A of Plaintiffs' Statement. (See Defendants' Statement, par. 9).

B.    Defendants admit the facts alleged in paragraph 43B of Plaintiffs' Statement. (See Defendants' Statement, par. 11).

C.    Defendants deny the facts alleged in the first sentence to paragraph 43C of Plaintiffs'

13

Statement. As can be seen from the collective bargaining agreement at issue (see Defendants' Statement, par. 12), the only change referred to was a further amendment to the Blue Cross Blue Shield Master Medical Certificate MM9.

D.    Defendants admit the facts alleged in the first sentence of paragraph 43D of Plaintiffs' Statement. Further, responding, Defendants state that any changes to dental coverage under the 1983-1986 collective bargaining agreement are not apparent from the agreement's terms. (See Defendants' Statement, par. 13).

E.    Defendants admit the facts alleged in the first sentence to paragraph 43E of Plaintiffs' Statement. (See Defendants' Statement, par. 14). Defendants further state that any changes to dental coverage under the 1986-1990 collective bargaining agreement are not apparent from the agreement's terms. (See Defendants' Statement, par. 14).

F.    In regard to the facts alleged in the first sentence of paragraph 43F of Plaintiffs' Statement, Defendants state that the Memorandum of Agreement dated June 16, 1986 speaks for itself. (See Exh. E to Pyle Affidavit to Plaintiffs' Attachment). Defendants further state that the memorandum provided that "[t]he above is only a summary of the changes to the Dental Plan. Corrections to our descriptive booklets and Plan documents are being prepared and the exact provisions of the amended Plan documents will in all cases determine the benefits payable hereunder." The memorandum further provided that "[t]he above is only a summary of the changes to the Health Insurance Plan. Corrections to our descriptive booklets and Plan documents are being prepared and the exact provisions of the amended Plan documents will in all cases determine the benefits payable thereunder."

Defendants state that the memorandum of agreement dated July 20, 1987 speaks for

14

itself. Defendants further state that the memorandum provided that "[t]he above is only a summary of the changes to the Pension and Health Insurance Plans. Corrections to our descriptive booklets and Plan documents are being prepared and the exact provisions of the amended Plan documents will in all cases determine the benefits payable thereunder."

Defendants state that the memorandum of agreement dated October 14, 1987 speaks for itself. Defendants further state that the memorandum provided that "[t]he above is only a summary of the changes to the Health Insurance Plan. Corrections to our descriptive booklets and Plan document are being prepared and the exact provisions of the amended Plan document will, in all cases, determine the benefits payable thereunder."

Defendants state that the memorandum of agreement dated June 13, 1989 speaks for itself.

G.    Defendants admit the facts alleged in the first sentence of paragraph 43G of Plaintiffs' Statement. Defendants are unable to respond at this time to the second sentence of paragraph 43G of Plaintiffs' Statement, on the ground that the referenced document is not included in Plaintiffs' Attachment.

H.    Defendants deny the facts alleged in paragraph 43H of Plaintiffs' Statement. (See par. 16 to NSTAR Statement; compare Memorandum of Agreement, dated 4/1/93, Exh. 17 to Defendants' Appendix).

I.    Defendants admit the facts alleged in paragraph 43I to Plaintiffs' Statement.

44.    Defendants submit that the alleged expert testimony of Carol Chandor should be stricken and disregarded, for the reasons set forth in their Motion to Strike, filed on March 4, 2005, and renewed on April 5, 2005.

Respectfully submitted,

NSTAR ELECTRIC AND GAS CORPORATION
and COMMONWEALTH GAS COMPANY,

By their Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

By:_____
      Keith B. Muntyan
      B.B.O. #361380
      Robert P. Morris
      B.B.O. #546052

Dated: April 8, 2005

## CERTIFICATE OF SERVICE

      I, Robert P. Morris, certify that on April 8, 2005, I caused to be served a copy of the within pleading by hand on counsel for Plaintiffs, Warren H. Pyle, Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108.

_____
Robert P. Morris

16