UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************

| | |
|---|---|
| CHARLES J. SENIOR, NORMAN FAHY, | * |
| RONALD D. PHIPPS, RAYMOND W. | * |
| POSTMA, THOMAS G. HIRL GARRETT M. | * |
| FAGAN and UNITED STEELWORKERS OF | * |
| AMERICA, LOCAL 12004, | * |
| | * |
| **Plaintiffs** | * |
| v. | *   Civil Action No. 04-10160-EFH |
| | * |
| NSTAR ELECTRIC AND GAS | * |
| CORPORATION and COMMONWEALTH | * |
| GAS COMPANY, | * |
| | * |
| **Defendants.** | * |

*******************************************

## MEMORANDUM OF DEFENDANTS OPPOSING
## MOTION TO CERTIFY CLASSES

Following the submission of cross-motions for summary judgment, Plaintiffs have

belatedly submitted a motion seeking to certify under Fed. R. Civ. P. 23 two (2) subclasses of

thirteen (13) and seventeen (17) persons respectively.  Should this Court accept the position of

NSTAR Electric and Gas Corporation ("NSTAR") that summary judgment is appropriately entered

in its favor, then resolution of the present motion is unnecessary.  In any event, Plaintiffs have failed

to meet Rule 23's requirements, thus making class certification wholly inappropriate.

A.     **Case Background**[1]

The individual Plaintiffs are former union employees of Commonwealth Gas

Company ("Commonwealth Gas") who upon retirement were members of Plaintiff Local 12004 of

_____

[1]The facts set forth herein are drawn from the "Statement of Undisputed Material Facts
Submitted by NSTAR Electric and Gas Corporation and Commonwealth Gas Company Pursuant
to Local Rule 56.1," filed in support of Defendants' Motion for Summary Judgment on or about
March 4, 2005.

the United Steelworkers of America ("Local 12004"), Boston Edison Company ("Boston Edison")

and Commonwealth Energy System ("COM/Energy") merged in 1999, resulting in the creation of

NSTAR Electric and Gas Corporation ("NSTAR").  After its creation, NSTAR retained existing

retiree health plans  maintained by Boston Edison and COM/Energy.  On or about April 1, 2003,

NSTAR instituted changes to health coverage, affecting all union and non-union retirees of both

Boston Edison and COM/Energy.

The COM/Energy Post Retirement Benefit Program, established in 1993, has

provided since that time that "the Company, through the Plan Administrator, may terminate the

Program or discontinue Benefits hereunder at anytime..."  In communications to employees and

retirees regarding medical benefits, Commonwealth Energy consistently reserved its right to modify

benefits.  Summary plan descriptions and similar documents, distributed regularly to employees and

retirees, provided that "[t]he Company reserves the right, subject to the provisions of any collective

bargaining agreement, to amend, modify or terminate the Plan at anytime."

In Local 369, Utility Workers v. NSTAR Electric and Gas Corp., 317 F.Supp. 2d 69

(D. Mass. 2004), this Court entered summary judgment for NSTAR on claims by retirees of

Commonwealth Electric Company, Commonwealth Gas and NSTAR who had been members of

a local of the Utility Workers Union when their employment ended.  These retirees challenged the

same changes to retiree health benefits at issue in this action.  Their claims were based on the theory,

also raised in this action, "that they were entitled to a life time of unaltered coverage under the

Commonwealth plan." 317 F.Supp. 2d at 72.

In Local 369 this Court also considered "benefit summaries," see Local 369, 317

F.Supp. 2d at 74, identical to those provided to the Plaintiff retirees in this action.  Some of these

documents provided, inter alia, that health and dental "coverage will be for your life." See Local 369, 317 F.Supp. 2d at 74. This Court rejected the retirees' arguments based, in part, on the following: "[T]he [benefit] summaries provide that '[i]f any conflict arises between this description and the Plan document, or if we do not cover any point, the terms of the Plan document will always govern.' It is clear that the plan documents, not the plan summaries, control... [T]he plan documents clearly allow for the plans to be changed or cancelled." 317 F. Supp.2d at 74-75. In this regard, this Court held that "[t]he Master Medical, Medex and dental benefit plans....explicitly state that the plans can be changed or cancelled." 317 F.Supp. 2d at 74. In an accompanying footnote (317 F.Supp. 2d at 74 n. 3), this Court cited to "[t]he Master Medical plan [which] stated that [w]e may change a part of the contract,' and that '[y]our plan sponsor may cancel your contract for any reason.' Similarly, the Medex plan stated "Blue Cross and Blue Shield will cancel your membership under this certificate only when...[y]our group terminates the contract.' The Delta Dental Plan of Massachusetts also provided that '[y]our plan' sponsor may cancel your contract for any reason."

Based on the foregoing provisions, this Court concluded that "the welfare benefit plans at issue here did not provide for a lifetime of unaltered health insurance coverage. The plaintiffs' claim for breach of plan provision in violation of ERISA is dismissed." 317 F.Supp. 2d at 77. See also 317 F.Supp. 2d at 77 n.7 (even if promise of unalterable health benefits made under 1997 retirement program, that program also "stated [that] [t]his summary is not intended to offer detailed descriptions of the System's employee benefit plans. All information furnished is governed by the provisions of the actual plan documents pertaining to the appropriate benefit plan. If any conflict arises between this summary and the System's employee benefit plan documents, or if any point is not covered, the terms of the appropriate plan documents will govern in all cases.' As

already explained in detail, the terms of the...dental benefit plan explicitly provided that the plans

could be changed or cancelled.").

In Local 369, the retirees sought to certify three (3) subclasses under Rule 23. By

Memorandum and Order dated October 27, 2003 (Exh. 1 hereto), this Court denied Plaintiffs'

motion in all respects. Two (2) of the proposed plaintiff classes[2] were focused on a few specific

changes to retiree health benefits implemented in April 2003.

**B**.    **Present Proceeding**

Plaintiffs filed this action in January 2004. After the completion of discovery, the

parties filed cross-motions for summary judgment on March 4, 2005. Responses to these motions

were served on April 8, 2005. The Plaintiffs' motion to certify was likewise filed on April 8.

**C**.    **Argument**:    **Plaintiffs' Motion For Class Certification Should Be Denied**.

**1**.    **Legal Background**

"Rule 23(a) states four threshold requirements applicable to all class actions: (1)

numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality

('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses

'are typical...of the class'); and (4) adequacy of representation (representatives 'will fairly and

adequately protect the interests of the class'). In addition to satisfying Rule 23(a)'s prerequisites,

parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2),

or (3)." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613-614 (1997). Accord, Smilow v.

---

[2]The retirees in Local 369 sought to maintain classes consisting of, inter alia: (1) retirees who turned 65 before April 1, 2003, and who lost a Company-provided reimbursement for the Medicare Part B premium, and (2) those under age 65 before April 1, 2003 who lost vision coverage, and who also experienced increased prescription costs, reduced hearing coverage, and the eventual loss of dental coverage as a result of changes effective on that date.

Southwestern Bell Mobile Systems, Inc., 323 F.3d 32, 38 (1st Cir. 2003) ("To obtain class certification, the plaintiff must establish the four elements of Rule 23(a) and one of the several elements of Rule 23(b)).”

“Plaintiff bears the burden of proving that class certification is appropriate. Before certifying a class, a federal court must conduct a 'rigorous analysis' of the prerequisites of Federal Rule of Civil Procedure 23(a). A court should not decide the merits of a case at the certification stage. However, 'a motion to certify 'generally involves considerations...enmeshed in the factual and legal issues comprising [a] plaintiff's cause of action.'' This is especially true when examining questions of predominance and superiority, which require a 'close look' at the difficulties likely to be encountered in the management of a class action.” Markarian v. Connecticut Mutual Life Insurance Co., 202 F.R.D. 60, 63 (D. Mass. 2001) (citations omitted). "[A]ny subclass formed must itself meet all the requirements of a class action." Avery v. Heckler, 584 F.Supp. 312, 323 (D. Mass. 1984). "The burden of constructing subclasses is on the plaintiffs, not the court." Id.

Under Fed. R. Civ. P. 23(c)(1)(A), "[w]hen a person sues or is sued as a representative of a class, the court must--at an early practicable time--determine by order whether to certify the action as a class action."

**2**.    **Certification Of The Two Subclasses Is Inappropriate**.

In their two proposed subclasses, Plaintiffs maintain that it is appropriate to group persons based on their participation in retirement programs in 1997 and 1999. Defendants respectfully disagree. That certain groups of persons retired under the same program, and complain of losing the same benefits, is insufficient to support certification of either class. If Plaintiffs' position were correct, and no further inquiry called for, then a class action would have to be certified

every time that an employer modified retiree benefits across-the-board. However, the case law

demonstrates that no such *per se* rule is followed in certifying class actions. See In re Sears Retiree

Group Life Insurance Litigation, 198 F.R.D. 487 (N.D. Ill. 2000) (denying motion for class

certification based on reduction of life insurance benefits); Mick v. Ravenswood Aluminum Corp.,

178 F.R.D. 90 (S.D. W.Va 1998) (misrepresentations regarding administration of pension plan; class

certification denied); Sprague v. General Motors Corp., 133 F.3d 388 (6th Cir. ), cert. denied, 524

U.S. 993 (1998) (certification denied for class of early retirees, all of whom lost fully paid up

lifetime health care benefits). See also Memorandum and Order, Local 369, Exh. 1 hereto.

        In these and other cases, courts did not focus solely on the common "injury" suffered

by the putative class, but instead examined the other requirements of Rule 23(a), particularly

"commonality" and "typicality". See In re: Sears Retiree Group Life Insurance Litigation, 198

F.R.D. at 491-492 ("Liability depends on whether a retiree received a materially misleading set of

communications from Sears. And that fundamental question differs across the class"); Mick v

Ravenswood Aluminum Corp., 178 F.R.D. at 93 ("individualized inquiry" into promises "does not

lend itself to class treatment of the Plaintiff's claims..."); Sprague v. General Motors Corp., 133 F.3d

at 397-399 (challenge to across-the-board changes to health care coverage for retirees; refusal to

certify class of early retirees upheld; "[p]roof that GM had contracted to confer vested benefits on

one early retiree would not necessarily prove that GM had made such a contract with a different early

retiree.").

        Turning to the specific requirements of Rule 23, it is apparent that Plaintiffs' motion

must fail.

a.   **The Proposed Classes Are Too Small To Meet The Numerosity Requirement of Rule 23(a)**.

The requested class certification must fail, first, due to the failure to meet Rule 23(a)(1)'s requirement that "the class is so numerous that joinder of all members is impracticable." The two (2) classes proposed by Plaintiffs are described as having 13 and 17 members, respectively. Courts regularly reject proposed classes whose numbers are as minimal as those asserted by Plaintiffs. See Lawrence v. Town of Irondequoit, 246 F.Supp. 2d 150, 173 (W.D.N.Y. 2002) (suit alleging wrongful reduction of retirement health care benefits; "[c]ourts will find that the numerosity requirement has been met when the proposed class consists of 40 or more members and has not been met when the class has 21 or less members."); Stokes v. Westinghouse Savannah River Co., 206 F.3d 420, 431 (4th Cir. 2000) (purported class of 20 rejected on grounds including that "members of so small a class [can] just as well present their own claims..."). See generally, Wright, Miller & Kane, 8A Federal Practice and Procedure, §1762 at 188-192 (2005)("Classes containing two, three, four, five, six, seven, eight, nine, ten, eleven, twelve, fourteen, sixteen, eighteen, twenty, and twenty-one to twenty-six members have been held too small to allow an action to be maintained under Rule 23.") (citations omitted).

There is no reason why a different result is called for in this action in which classes of 13 and 17 members are sought to be certified. Defendants understand that all or almost all of the putative class members reside in eastern Massachusetts. Plaintiffs have made absolutely no showing that joinder of the unnamed class members in this action would be "impracticable." See Fed. R. Civ. P. 23(a)(1).

**b.**        **Plaintiffs Have Not Met Rule 23's Commonality And Typicality Requirements**.

Plaintiffs have failed to meet either the commonality or typicality requirements under Rule 23.  Under Rule 23(a)(2), this Court must consider whether "there are questions of law or fact common to the class."  Rule 23(a)(2) "does not require that all questions of fact and law be common, but only demands that a question of law or fact be presented which is shared in the grievances of the prospective class as defined."  3B Moore's Federal Practice, ¶23.06-1 at 23-159 to 23-160 (2nd ed. 1987).  "It is not every common question that will suffice, however; at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality.  What we are looking for is a common issue the resolution of which will advance the litigation."  Sprague v. General Motors Corp., 133 F.3d at 397.

Rule 23(a)(3) requires that "the claims...of the representative parties are typical of the claims...of the class."  "[W]here a named plaintiff may be subject to unique defenses that would divert attention from the common claims of the class, that plaintiff cannot be considered typical of the class."  In re Bank of Boston Corp. Securities Litigation, 762 F.Supp. 1525, 1532 (D. Mass. 1991).  Moreover, "[t]ypicality may be defeated...if factual differences predominate to the extent where the court must make highly fact-specific or individualized determinations in order to establish a defendant's liability to each class member."  Collazo v. Calderon, 212 F.R.D. 437, 443 (D. P.R. 2002).  A court must inquire "whether a [class representative], in presenting his case, will necessarily present the claims of the absent plaintiffs."  Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) (citations and internal quotation marks omitted).

Courts regularly rely on the failure to meet the commonality and typicality requirements in denying class certification in suits based on changes to retiree benefits.  When an

"employee's claims rest on alleged representations made by the employer, [such cases] have rarely

been certified as class actions. The courts have generally concluded that this type of case is not ideal

for certification, because an individualized analysis would have to be conducted as to the extent on

which each class member relied on the representations made by the employer. More specifically,

the courts have concluded that the need for individualized analysis defeats the typicality requirement

of Rule 23(a). Therefore, in absence of any written document that supports the claims of the

proposed class representatives, certification as a class action has been denied." Rivera v. American

Home Products Corp., 191 F.R.D. 45, 47-48 (D. P.R. 1999) (citations omitted), cited in

Memorandum and Order, Local 369 (Exh. 1 hereto).

Consistent with Rivera, courts regularly deny motions for certification in retiree suits

such as the present action. In In re Sears Retiree Group Life Insurance Litigation, 198 F.R.D. 487

(N.D. Ill. 2000), Plaintiffs sought to focus the court's attention on two documents allegedly

distributed to the entire class. As explained by the court, "Plaintiffs ask us to look at two documents

distributed to all class members, putting blinders on, albeit only for the time being, with regard to

other communications they may have received. In order to determine liability, however, we cannot

view one or two communications in isolation. Rather, we must look at the entire set of

communications received by a retiree or class of retirees." 198 F.R.D. at 490.

The court added: "The two documents plaintiffs rely on may well, when viewed in

a vacuum, appear misleading. But unless a group of putative class members received only those two

documents, a contention plaintiffs do not make, the misleading nature of those communications does

not prove plaintiffs' point." 198 F.R.D. at 490. Based on "the total mix of statements received by

each retiree, as ERISA case law dictates, we find that there is too much variation to permit class

adjudication of" plaintiffs' claims. 198 F.R.D. at 490. In short, "[l]iability depend[ed] on whether

a retiree received a materially misleading set of communications from Sears. And that fundamental

question varies across the class." 198 F.R.D. at 492. Accord, Sprague v. General Motors Corp., 133

F.3d at 399 ("In pursuing their own claims, the named plaintiffs could not advance the interests of

the entire early retiree class. Each claim, after all, depended on each individual's particular

interactions with GM and these, as we have said, varied from person to person. A named plaintiff

who proved his own claim would not necessarily have proved anybody else's claim. The premise

of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the

claims of the class. That premise is not valid here."); Mick v. Ravenswood Aluminum Corp., 178

F.R.D. at 94 ("Divergent factual and legal issues can in certain circumstances require an onerous

level of individualized development that could swamp the litigation and render class treatment

inappropriate. Oral, nonuniform representations, and unique responses thereto are present here.

Those circumstances compel the Court to exercise its discretion to deny class certification for failure

to satisfy the commonality and typicality requirements of Rule 23."); Gesell v. Commonwealth

Edison Co., 216 F.R.D. 616, 624 (N.D. Ill. 2003) ("Given that different employees likely based their

decisions on different statements or other reasons, the fact that one Plaintiff can prove his claim that

he severed employment from ComEd in reliance on the alleged misrepresentations, does not mean

that every proposed class member will be able to prove a claim against ComEd. While ComEd

officials might have made similar statements, there is no evidence that there was a 'standardized'

oral misrepresentation made by ComEd officials. Therefore, Plaintiffs have not satisfied the

typicality prerequisite for class certification.").

Applying these factors to the case at hand, it is impossible to conclude that the claims

of the named Plaintiffs are typical of the claims of the unnamed retirees whom they purport to

represent, or that there are common questions of law or fact across the class.  Based on the facts

alleged in the parties' summary judgment pleadings, it is apparent that the claims of each of the

named Plaintiffs are unique:

### i)        1997 Retirement Program

The named Plaintiffs are Ronald D. Phipps and Norman Fahy.  Plaintiff Phipps was

allegedly informed by Carol Cormier of the benefits group, and by the Company president, that

dental benefits provided under the program were for life.  (See Plaintiffs' Statement of Undisputed

Facts ("Plaintiffs' Facts"), filed 3/4/05, par. 30).  By contrast, Plaintiff Fahy does not allege any

promises by Company representatives about lifetime dental or other medical benefits.  (See

Plaintiffs' Facts, par. 31).  Accordingly, the allegations of these purported class representatives

highlight the uniqueness of their claims, and the need for separate adjudication of the claims of the

eleven (11) other retirees whom they seek to represent.

### ii)       1999 Retirement Program

The named Plaintiffs to this proposed class of 17 are Raymond W. Postma and

Thomas G. Hirl.  According to Plaintiffs' Facts (par. 38), Plaintiff Postma was assured on more than

one occasion that his retiree health benefits were for life.  By contrast, Plaintiff Hirl claims that his

retirement documents were referred to as a "contract."  (See Plaintiffs' Statement, par. 39).  Given

the differences in their allegations, there is no cause to believe that the adjudication of their claims

will resolve the claims of the unnamed Plaintiffs.

Moreover, that all of those retiring under the 1997 and 1999 programs received a

common benefit summary upon retirement ("Information Relative to Employee Benefits Upon Your

Retirement Date") is insufficient to support certification.  As held in <u>Sears Retiree Group Life</u> <u>Insurance Litigation</u>, 198 F.R.D. at 487, it is inappropriate to rely solely on all named plaintiffs having received a common document: "[O]ne or two communications [cannot be viewed] in isolation.  Rather, [a court] must look at the entire set of communications received by a retiree or class of retirees." <u>Id</u>.  When "the total mix", <u>id</u>., of alleged statements is reviewed (which consists, for most of the prospective class representatives, of more than this single document), it is apparent that the claims of each person must be examined individually.

**c**.    **Plaintiffs Will Be Unable To Meet The Adequacy Of Representation Requirement (Rule 23(a)(4))**.

Under Rule 23(a)(4), "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if ... the representative parties will fairly and adequately protect the interests of the class."  In order to meet the requirements of this provision, it must be shown "that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." <u>Andrews v. Bechtel Power Corp</u>., 780 F.2d 124, 130 (1st Cir. 1985), <u>cert</u>. <u>denied</u>, 476 U.S. 1172 (1986).

Defendants do not dispute the capability of Plaintiffs' counsel.  However, since there is no typicality or commonality of claims for the alleged class, the potential of conflicting interests is present. <u>See</u> <u>Collazo v. Calderon</u>, 212 F.R.D. 437, 443 (D. P.R. 2002) ("[T]he personalized nature of the class representatives' claims...raises a serious question as to whether the representative parties could or would fairly and adequately protect the interests of the class.  The named plaintiffs' efforts may very well end up being directed toward presenting and defending their individual claims at the

expense of their fellow class members.  In view of these circumstances, we conclude that plaintiffs

also fail to comply with the adequacy of representation requirement of Rule 23(a)(4).").

**d.      This Action Cannot Be Certified Under Either Rule 23(b)(2) Or 23(b)(3)**.

If the prerequisites for maintaining a class action in Rule 23(a) are met, then this

Court must also consider whether the requirements of Rules 23(b)(2) or 23(b)(3) are fulfilled.  While

not addressed in Plaintiffs' motion, the requirements of neither provision have been met.

**i**.      **Rule 23(b)(2)**

Under Rule 23(b)(2), "the party opposing the class" must have "acted or refused to

act on grounds generally applicable to the class, thereby making appropriate final injunctive relief

or corresponding declaratory relief with respect to the class as a whole..."  "When the main relief

sought is injunctive or declaratory, and the damages are only 'incidental,' the suit can be maintained

under Rule 23(b)(2).  The operational meaning of 'incidental' damages in this setting is that the

computation of damages is mechanical, 'without the need for individual calculation' [quoting

Manual for Complex Litigation (Fourth) §21.221 (2004)], so that a separate damages suit by

individual class members would be a waste of resources."  In re: Allstate Insurance Co., 400 F.3d

505, 509 (7th Cir. 2005).

In the present matter, the calculation of any damages owed to the class members who

have lost dental benefits since April 1, 2003 upon turning age 65 would be based on an

individualized assessment, and not on a mechanical formula.  Accordingly, certification under Rule

23(b)(2) is inappropriate.

**ii**)      **Rule 23(b)(3)**

Certification under Rule 23(b)(3) is authorized when "[t]he Court finds that the

questions of law or fact common to the members of the class predominate over any questions

affecting only individual members, and that a class action is superior to other available methods for

the fair and efficient adjudication of the controversy." Rule 23(b)(3)(A)-(D) lists some but not all

of the "matters pertinent to the findings."[3]

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are

sufficiently cohesive to warrant adjudication by representation." Amchem Products, Inc. v. Windsor,

521 U.S. at 623. "[T]he predominance criterion" under Rule 23(b)(3) "is far more demanding" than

"Rule 23(a)'s commonality requirement." 521 U.S. at 623-624. While "[p]redominance under Rule

23(b)(3) cannot be reduced to a mechanical, single-issue test," there must be "a sufficient

constellation of issues that binds class members together..." Waste Management Holdings, Inc. v.

Mowbray, 208 F.3d 288, 296 (1st Cir. 2000). "In determining whether common issues

'predominate,' the threshold question is whether those issues overshadow the issues that must be

resolved separately for different members of the class." Van West v. Midland National Life

Insurance Co., 199 F.R.D. 448, 453 (D. R.I. 2001).

For the reasons discussed above regarding the commonality and typicality

requirements, it cannot be concluded that common issues overshadow the separate issues pertaining

to individual members of the purported class. Plaintiffs rely on a variety of oral statements, or no

statements at all. Their claims are varied, and cannot be reduced to a consideration of the effects of

---

[3]The rule list the following matters, which "include: (A) the interest of members of the
class in individually controlling the prosecution or defense of separate actions; (B) the extent and
nature of any litigation concerning the controversy already commenced by or against members of
the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the
particular forum; (D) the difficulties likely to be encountered in the management of a class
action."

the benefit summaries which Plaintiffs received.  See Van West v. Midland National Life Insurance Co., 199 F.R.D. at 454 (predominance requirement not met; "to the extent that the alleged misrepresentations include different statements made to individual class members by a variety of agents or brokers, it would require proof of what each class member was told."); Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1006 (11ᵗʰ Cir. 1997) (predominance requirement not met, despite claim of practice or policy of discrimination, where "claims will require distinctly case-specific inquiries into the facts surrounding each alleged incident of discrimination.").

Moreover, it is not at all clear "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Rule 23(b)(3).  Given the wide variety of allegations asserted, it would be entirely inequitable to subject Defendants to a class proceeding.

**D**.     **Conclusion**

        For all the above reasons, Plaintiffs' Motion for Class Certification should be denied.

                    Respectfully submitted,

                    NSTAR ELECTRIC AND GAS
CORPORATION and COMMONWEALTH
GAS COMPANY,

                    By their Attorneys,

                    MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

                    By:    s/Robert P. Morris
                                    Keith B. Muntyan
                                    B.B.O. #361380
                                    Robert P. Morris
                                    B.B.O. #546052

Dated: April 15, 2005

### CERTIFICATE OF SERVICE

        I, Robert P. Morris, certify that on April 15, 2005, I caused to be served a copy of the within pleading by first class mail on counsel for Plaintiffs, Warren H. Pyle, Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108.

                    s/Robert P. Morris
                    Robert P. Morris